WHEELER, APPELLEE, *v.* ZOOBER, APPELLANT.

[Cite as Wheeler v. Zoober, 10 Ohio App. 2d 233.]

(No. 2932—Decided December 21, 1965.)

*Messrs. Gallon & Miller*, for appellee.
*Messrs. Curtner, Selva, Parkin & Seller*, for appellant.

KERNS, J.   This action was commenced in the Court of Common Pleas of Montgomery County on June 30, 1961, to recover damages alleged to have been sustained in an automobile accident occurring on December 16, 1960, at a junction where a private drive enters Edison Street in Dayton, Ohio.

The cause was tried to a jury which returned a verdict in favor of the plaintiff for $3,000.

Thereafter, on May 18, 1964, the defendant filed a motion for judgment notwithstanding the verdict and a motion for a new trial.   Both motions were overruled, the latter being overruled on condition that the plaintiff accept a remittitur in the amount of $1,000.

A notice of appeal was filed by the defendant on January 23, 1965, and a notice of appeal from that portion of the judgment reducing the verdict to $2,000 was filed by the plaintiff on January 26, 1965.

Edison Street runs generally east and west.   At approximately 6 p. m. on December 16, 1960, the defendant was proceeding in an easterly direction on the south half of Edison Street.   At about the same time, the plaintiff was backing his automobile from a private drive located on the south side of Edison Street with the intention of proceeding in a westerly direction.   The streets were icy, and the right front of defendant's car struck the right rear fender of the plaintiff's car causing it to turn clockwise into a parked car owned by one Lois Prichett, which was parked just east of the private driveway.

At a point 416 feet west of the driveway where the collision occurred, Edison Street is intersected by Gettysburg Avenue.   Between Gettysburg Avenue and the private driveway there is a grade which ascends about one per cent and then descends from the crest of the grade about four per cent.   The distance from the crest of the grade to the point of impact was 216 feet.   Edison Street is paved for the width of twenty-four feet and has no curbs.

Although the plaintiff's amended petition alleges that he was stopped in the driveway, his testimony is to the effect that he backed into the street and, upon seeing the oncoming vehicle of the defendant, was attempting to return to the private driveway when the collision occurred.

There is some variance between the allegations of the amended petition and the evidence in support thereof, but the plaintiff's case is based upon a claimed violation by the defendant of the assured-clear-distance statute (Section 4511.21, Revised Code), which in pertinent part provides:

"No person shall operate a motor vehicle * * * upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle * * * upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The defendant's answer, while denying negligence, also raises the issue of contributory negligence and, in so doing, brings into the case Section 4511.44, Revised Code, which provides in pertinent part as follows:

"The operator of a vehicle * * * about to enter or cross a highway from a private * * * driveway * * * shall stop and yield the right of way to all traffic approaching on said highway."

Section 4511.01 (SS), Revised Code, defines right-of-way as follows:

" 'Right of way' means the right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle * * * approaching from a different direction into its * * * path."

Upon the facts of this case, there is no doubt that the defendant had the right to proceed uninterruptedly on Edison Street so long as she did so in a lawful manner, and the strongest evidence presented by the plaintiff, or which appears in the record, as to the defendant's speed was that she was traveling twenty miles an hour. As to physical evidence of speed, the plaintiff's back fender was mashed against the tire, the defendant's car received no damage, and there was $33

damage to the Prichett automobile. Furthermore, there is a serious conflict in the testimony of the plaintiff's own witnesses upon the question of whether the defendant's assured clear distance was lessened by the entrance of the plaintiff's vehicle within such clear distance.

But assuming the evidence is such as to support a finding that the defendant was traveling at a greater speed than was reasonable or proper under existing conditions, we must also search the record for evidence to support the jury's finding upon the issue of contributory negligence.

The plaintiff's own testimony raises an inference of contributory negligence, and we find no other evidence in the record to dispel or negate such inference.

Mr. Wheeler, after relating that he had collected an insurance premium from Mrs. Prichett, in whose drive he was parked, testified as follows:

"Q. Would you tell this jury, after you—you did go into Mrs. Prichett's house? A. Yes.

"Q. You made your collection? A. Yes.

"Q. Tell the jury what happened? A. I went in the house, made the collection, I came back out, started my car up, turned the lights on, looked to the left, looked to the right, and backed out. When I got in the middle of the street, I seen a car coming over the hill. To me it looked like it was coming fast.

"* * *

"Q. Do you know where you parked your car with relation to the front of Mrs. Prichett's house? A. Yes, I would say it was an inch—say a foot from the front porch.

"Q. The front of your car was about a foot from the porch? A. Front porch, uh huh.

"Q. So the rear of your car would be extending outwardly toward the sidewalk? A. Yes.

"Q. Was there a hedge on the west side of the driveway at that time like there is today? A. Yes.

"Q. Could you see through that hedge? A. I could see over it.

"Q. You could see over it? A. Some of it was protruding up there, yes.

"Q. Did you look when you went into the driver's seat?

Then you say you looked to the left? A. I looked to the left and to the right.

"Q. And this hedge didn't interfere with you at the time? A. It wasn't quite as high as it is now, and there was no leaves or nothing on it.

"Q. Were the trees still there along the south side of the street as they are today? A. Yes, they have been there for years.

"Q. And then you started to back out? A. Yes.

"Q. *And did you stop at any time from the time you started to back out until you came to a stop somewhere in the streets?* A. *No, not to the best of my knowledge.*"

"* * *

"Q. *Did you stop your car before the rear of that car entered the highway itself, the street itself?* A. *I don't believe so, no.*" (Emphasis ours.)

The testimony of Lois Prichett, who saw the accident and was called by the plaintiff as a witness, is more favorable to the defendant than the plaintiff in many important respects and corroborates the plaintiff's testimony that he moved for some distance without stopping before entering upon Edison Street. The defendant's testimony, of course, is also to the effect that the plaintiff came into her path without stopping immediately before entering the street.

In its general charge upon this phase of the case, the trial court said:

"Or if, on the other hand, you should find at the time the defendant's car began to enter upon Edison Avenue from the driveway—

"Mr. Miller: If the Court please, that should be plaintiff.

"The Court: (Continuing)—plaintiff's car began to enter upon Edison Avenue from the driveway, that plaintiff in the exercise of ordinary care in maintaining a lookout to the left and the right would not have observed defendant's car within a distance from the driveway that would reasonably require the plaintiff to yield the right-of-way under all the conditions then and there existing, and if you find that he proceeded into and onto Edison Avenue under such conditions and circumstances, then his failure to stop, if you find that he did not stop as he entered upon Edison Avenue, would not consti-

tute negligence proximately contributing to or causing the collision between the parties."

Contrary to the import of this instruction, we find nothing in Section 4511.44, Revised Code, which might absolve the plaintiff from the duty of stopping immediately before entering upon Edison Street. The statute clearly requires that he "shall stop and yield the right of way," and, obviously, the failure to stop immediately before entering the street precludes any opportunity to yield the right of way to traffic approaching at that time. Furthermore, the law requires particular vigilance of a person backing a vehicle on a street or highway. See *Wagner* v. *Magill*, 73 Ohio Law Abs. 42; Section 4511.38, Revised Code.

In our opinion, the plaintiff's admission that he did not stop at any time from the time he started to back out until he came to a stop somewhere in the path of the defendant's vehicle discloses a violation of Section 4511.44, Revised Code, and, in the present case, constitutes contributory negligence as a matter of law.

Hence, after considering all the evidence, the trial court should have directed a verdict for the defendant or, having failed to do so, should have sustained the defendant's motion for judgment notwithstanding the verdict.

Accordingly, the judgment will be reversed and final judgment entered for the defendant.

*Judgment reversed.*

SHERER, P. J., and CRAWFORD, J., concur.